UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAYNE HUGHLEY,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>F. ULLOA, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:17-08516 DOC (ADS)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS** |

**I.　INTRODUCTION**

Plaintiff Richard Wayne Hughley, a prisoner at Salinas Valley State Prison proceeding pro se, filed a First Amended Complaint under 42 U.S.C. § 1983.  [Dkt. No. 50].  Defendants D. Avalos, J. Daiz, C. Freeman, D. Henry, D. Hernandez, D. Moisa, G. Murrietta, F. Ulloa, and N. Winn filed a Motion to Dismiss the First Amended Complaint, which was granted with leave to amend on March 16, 2020.  [Dkt. Nos. 59, 72].  The Court instructed Plaintiff to file a Second Amended Complaint, elect to proceed

on the First Amended Complaint despite its failure to state a claim and other deficiencies, or to voluntarily dismiss. [Dkt. No. 72, pp. 11-12]. Plaintiff was instructed to proceed with one of the above options by no later than April 6, 2020. [Id. at p. 12]. Plaintiff requested and was granted sixty (60) days of additional time, extending the deadline to June 6, 2020. [Dkt. Nos. 73, 74]. On June 22, 2020, the Court issued an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute and Obey Court Orders. [Dkt. No. 75]. Despite warnings that that case may be dismissed, Plaintiff has not filed a response to the March 16, 2020 Order Granting Motion to Dismiss with Leave to Amend, or June 22, 2020 Order to Show Cause. The last filing Plaintiff submitted to the Court was on April 6, 2020. [Dkt. No. 73].

## II. **DISCUSSION**

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to engage with this case in any way since April 6, 2020 and failed to

respond to the Court's March 16, 2020 Order Granting Motion to Dismiss with Leave to Amend or to the June 22, 2020 Order to Show Cause.  This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket.  See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").  Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("[T]he law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)).  Third, there is no less drastic sanction available as the Court has warned Plaintiff multiple times that the case would be dismissed.  Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("[T]he district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits.  Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("[A]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").  Having weighed these factors, the Court finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

### III. CONCLUSION

Accordingly, this action is dismissed for failure to prosecute and comply with

court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated: July 29, 2020

_____
THE HONORABLE DAVID O. CARTER
United States District Judge

Presented by:

___/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge